IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA        :
                                :
        Plaintiff,              :
                                :    Case No. CR 2-07-185
    v.                          :    JUDGE ALGENON L. MARBLEY
                                :
RANDY T. WILLIAMS,              :
                                :
        Defendant.

## ORDER & OPINION

This matter is before the Court on Defendant Randy T. Williams's Motion to Dismiss the

Indictment. The Government indicted Williams on three counts of mailing threatening

communications in violation of 18 U.S.C. § 876(c). Williams, proceeding pro se, argues that: (1)

he was incarcerated for four months without probable cause in violation of his due process rights;

(2) the Government has violated his statutory right to a speedy trial; (3) he is not guilty of the

offenses with which he is charged; and (4) he has not had access to the legal resources that he

requires in order to prepare his defense. For the reasons stated below, the Court **DENIES**

Defendant's motion.

A district court may exercise its discretion to grant a motion dismissing an indictment.

*U.S. v. Overmyer*, 899 F.2d 457, 465 (6th Cir. 1990). First, Williams contends that he was

detained without probable cause for four months in violation of his due process rights. He is

mistaken. On July 27, 2007, the Government brought a criminal complaint against Williams for

mailing a threatening letter. At the time, Williams was incarcerated for an unrelated offense.

The Government arrested him and brought him before a magistrate judge for a preliminary

hearing on August 2, 2007. The magistrate judge found probable cause and ordered Williams to be detained pending trial. Williams's contention that he was held for four months in violation of his due process rights, from August through November, 2007, is therefore without merit. He received a preliminary hearing at which the presiding magistrate judge found probable cause to support the Government's charges. In order to proceed with a trial on the merits, due process does not require more. *See Costello v. U.S.*, 350 U.S. 359, 362-63 (1956).

Second, Williams alleges that the Government violated his statutory right to a speedy trial. Pursuant to 18 U.S.C. § 3161(c)(1) (the "Speedy Trial Act"), Defendant's trial must commence within seventy days of the filing of the indictment or complaint. But the Speedy Trial Act tolls the seventy-day requirement for any delay resulting from the Court's: (1) consideration of a proposed plea agreement between Defendant and the Government; (2) adjudication of pretrial motions; and (3) determination of Defendant's competency to stand trial. 18 U.S.C. §§§ 3161 (h)(1)(A), (F), (I).[1]

---

[1]The Speedy Trial Act, 18 U.S.C. § 3161(h) provides:

The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:

(1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to–

(A) delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant;

(F) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion;

(I) delay resulting from consideration by the court of a proposed plea agreement to be entered into by the defendant and the attorney for the Government.

The Government brought a criminal complaint against Williams on July 27, 2007. The parties filed a plea agreement on September 5, 2007, tolling the speedy trial clock. *See* 18 U.S.C. § 3161 (h)(1)(I). On November 5, 2007, the Court granted Williams's motion to withdraw the guilty plea, restarting the clock. On November 9, 2007, the Government filed a motion to determine Williams's competency to stand trial, which again tolled the deadline. *See* 18 U.S.C. §§ 3161 (h)(1)(A), (F). On January 16, 2007, the Court determined that Williams was competent to stand trial and to proceed pro se. As of that date, only forty-five days had elapsed on Williams's speedy trial clock. Because Williams's trial will commence on or about January 28, 2007, which is well within the seventy-day period contemplated by the statute, the Government has not abridged his right to a speedy trial.

Third, Williams contends that he is not guilty of the offenses for which he is charged. Following the withdrawal of his guilty plea, a grand jury handed down a superceding indictment in which it found probable cause to believe that Williams committed three violations of 18 U.S.C. § 876(c). Grand jury "indictments are presumed valid" and therefore are not to be lightly disturbed. *Id.*; *U.S. v. Powell*, 823 F.2d 996, 1000 (6th Cir.1987) ("An indictment returned by a legally constituted and unbiased grand jury, . . . if valid on its face, is enough to call for trial of the charge on the merits.") (quoting *Costello*, 350 U.S. at 362-63). Thus, Williams cannot subvert the indictment by merely contending that he is innocent. After an initial finding of probable cause to support the Government's charges, determinations of guilt or innocence are left to the trier of fact. *Powell*, 823 F.2d at 1000.

Fourth, Williams urges the Court to dismiss the indictment because he has not has access to legal resources with which to prepare his defense. Inmates have a "fundamental constitutional

right of access to the courts [which] requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828, (1977). But "the right of access to the courts is not unrestricted and does not mean that an inmate must be afforded unlimited litigation resources." *Thomas v. Rochell*, 47 F. Appx' 315, 317 (6th Cir. 2002) (citing *Lewis v. Casey*, 518 U.S. 343, 352-55 (1996)). In *Lewis v. Casey*, the Supreme Court held that an inmate claiming that he was denied access to the courts must show that he suffered an actual litigation related injury or legal prejudice in order to prevail. 518 U.S. at 349- 51; *accord Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Notably, Williams has alleged neither actual injury nor prejudice. In fact, the Court has appointed stand-by counsel who, by Williams's admission, has assisted him in preparing his defense.

More importantly, the Sixth Circuit has held, under almost identical circumstances in *U.S. v. Smith*, 907 F.2d 42, 45 (6th Cir. 1990), "that by knowingly and intelligently waiving his right to counsel, [Defendant] also relinquished his access to a law library." *Accord U.S. ex rel. George v. Lane*, 718 F.2d 226 (7th Cir. 1983). The rationale is simple: "the offer of court-appointed counsel to represent a defendant satisfied the constitutional obligation of a state to provide a defendant with legal assistance under the Sixth and Fourteenth Amendments." *U.S. v. Sammons*, 918 F.2d 592, 602 (6th Cir. 1990) (holding that "the state does not have to provide access to a law library to defendants in criminal trials who wish to represent themselves"); *see also U.S. v. Chatman*, 584 F.2d 1358, 1359 (4th Cir. 1978). It is undisputed that Williams knowingly and voluntarily waived his Sixth Amendment right to counsel. Accordingly, the Government has no duty to provide him with access to legal resources in preparation of his

-4-

defense. *Sammons*, 918 F.2d at 602; *Smith*, 907 F.2d at 45.

For the foregoing reasons, the Court **DENIES** Defendant's Motion to Dismiss. Although Williams's lack of access to legal materials does not amount to a constitutional violation, the Court **ORDERS** Williams's stand-by counsel to coordinate with Franklin County jail to provide him with relevant legal materials in preparation for his upcoming trial.

**IT IS SO ORDERED.**

<u>    s/Algenon L. Marbley    </u>
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT COURT**

**Dated: January 28, 2008**

-5-